UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT E. LEE,

           Plaintiff,

                                      Case Number 11-10179

v.                                  Honorable David M. Lawson

                                    Magistrate Judge Virginia M. Morgan

HENRY FORD COMMUNITY COLLEGE,
and VANESSA TIMMONS,

           Defendants.

_____/

## OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION, ADOPTING THE REPORT AND RECOMMENDATION, AND DISMISSING THE CASE

The plaintiff filed a *pro se* complaint in this Court alleging breach of contract and seeking a "just and full accounting of the money or property received, disposed of, or disbursed by defendant on behalf of the Plaintiff[ ] and of all transactions between plaintiff[ ] and defendants." Compl. at 2. The case was referred to Magistrate Judge Virginia M. Morgan to conduct all pretrial proceedings. Judge Morgan conducted the pre-service screening required by 28 U.S.C. § 1915(e)(2)(B) in cases where the plaintiff seeks pauper status, and on February 17, 2011, she filed a report recommending that the complaint be dismissed without prejudice for want of subject matter jurisdiction. The plaintiff filed timely objections to the report. The plaintiff's objections, however, do not suggest any basis for the Court to exercise the federal judicial power over this dispute. Therefore, the Court will overrule the objections, adopt the recommendation, and dismiss the case without prejudice.

Federal courts are courts of limited jurisdiction.  The term "jurisdiction" in this context refers to the "classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority."  *Eberhart v. United States*, 546 U.S. 12, 16 (2005) (per curiam) (quoting *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)).  The magistrate judge recommended that the Court dismiss the case without prejudice because the case did not fall within this Court's adjudicatory authority; diversity did not exist between the parties and the plaintiff had not alleged a violation of federal law or the United States Constitution.

Magistrate Judge Virginia M. Morgan screened the case, mindful that a *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 (E.D. Mich. 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), and is held to "less stringent standards" than a complaint drafted by counsel.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  On February 17, 2011, she issued a report recommending that the plaintiff's complaint be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2) because the plaintiff had failed to set forth any basis for federal jurisdiction.  The plaintiff filed timely objections.

Objections to a report and recommendation are reviewed *de novo*.  28 U.S.C. § 636(b)(1).  The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement."  *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006).  "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general."  *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).  "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections," *Cowherd v.*

*Million*, 380 F.3d 909, 912 (6th Cir. 2004), and releases the Court from its duty to independently review the motion, *see Thomas v. Arn*, 474 U.S. 140, 149 (1985) (holding that the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

The plaintiff's objections do not address the substance of Judge Morgan's Report and Recommendation, namely that the plaintiff's complaint does not raise a question of federal law. The plaintiff's objections do include, however, allegations, not included in the complaint, that the plaintiff was discriminated against based on his sex. He alleges that he was not treated fairly by a tutoring program geared toward helping men get jobs that "involve office or desk work." The plaintiff does not elaborate on why a program focused on helping men would discriminate against a man or how the program actually treated him differently. The plaintiff also contends to have been the victim of "financial crimes," which alone does not support a basis for federal jurisdiction. The plaintiff's complaint does allege a valid claim for discrimination based on federal law, and it is improper to suggest such a claim for the first time in a party's objections to a report and recommendation.

The plaintiff's objections do nothing to refute the magistrate judge's contention that the plaintiff's complaint does not raise a question of federal law. Therefore, the Court will dismiss the his complaint without prejudice to allow him to pursue his breach of contract claim in the appropriate state court.

Accordingly, it is **ORDERED** the plaintiff's objections to the magistrate judge's Report and Recommendation [dkt. #8] are **OVERRULED**.

It is further **ORDERED** that the magistrate judge's Report and Recommendation [dkt # 7] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's complaint [dkt. #1] is **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: May 31, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 31, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL
